No. 12192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

JAMES E. WHEELER and EDITH WHEELER,

Plaintiffs and Appellants,

-vs-

RALPH ARMSTRONG, CLIFFORD PASHA,
WALTER SALES, et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellants:

Lyman H. Bennett, Jr. argued, Bozeman, Montana.

For Respondents:

Thomas A. Olson, County Attorney, argued, Bozeman,
Montana.

---

Submitted: April 18, 1972

Decided: JUN - 9 1972

Filed: JUN - 9 1972

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order of the district court in Gallatin County, the Honorable M. James Sorte, presiding. Judge Sorte's order of September 28, 1971, reads:

> "Defendants moved to dismiss the petition on file here-in upon the ground that essentially the same matters and the same parties now before the Court, were presented in local cause No. 19205, Planning and Zoning Commission vs. James E. Wheeler and heard by Hon. Sid G. Stewart, presiding Judge, and that the final judgment in that cause was binding on the Zoning Commission and on this Court on the questions presented in the Plaintiffs' petition.
>
> "The matter was fully argued by both counsel and the Court having taken judicial notice of local causes, No. 18954 and No. 19205, and being fully advised as to the law,
>
> "IT IS ORDERED that Defendants' motion to dismiss the petition on file herein is granted, and the relief sought in the petition is denied."

It is from Judge Sorte's order that the Wheelers now appeal to this Court.

Appellants here were plaintiffs below and will be referred to hereafter as the Landowners. Respondents are members of the Zoning Board of Planning and Zoning District No. One, Gallatin County and will be hereafter referred to as the Zoning Board. Three of the named defendants are also the county commissioners of Gallatin County.

The Landowners owned some eight acres of land which lies directly west of Bozeman. In 1970, Landowners made some attempts to use their vacant land for a mobile home court which eventually would contain some forty-seven trailers or mobile homes. At that time, there were no restrictions on the use of the land.

In the same year, 1970, other landowners in the area, who had been trying to establish a zoning district since about the year 1966, filed an action seeking a writ of mandamus to force the county commissioners to act on establishment of a zoning district. On May 18, 1970, the parties to the mandamus action appeared before Judge Victor H. Fall and consented to the findings of fact and conclusions of law and a judgment. Judge Fall found that

the county commissioners had appointed a planning and zoning commission and had created a valid planning and zoning district. He found, however, that no development pattern, required by the statute, had been made and he directed such a pattern to be adopted.

On June 5, 1970, Landowner, James Wheeler was made a party and was enjoined from proceeding with the construction of the trailer court until a hearing could be had. Wheeler, through counsel, entered the case by motion to quash the restraining order and thereafter Judge Fall lifted the injunction. Wheeler, one of the Landowners, continued to be a party to the suit.

On June 12, 1970, the Zoning Board adopted ordinances for the area in question which defined a rural residential zone and the existence of mobile home courts or parks a "conditional use". A procedure was set forth for obtaining permission to build a "conditional use". No appeal was taken by any party to that lawsuit.

At the time of the adoption of the foregoing ordinance on June 12, Landowners had moved three mobile homes onto their land and had provided services for three more, making a total of six. Subsequently Landowners continued to move mobile homes onto the land. On November 2, 1970, the county attorney filed an action for injunction to stop the construction of the mobile home court. This matter was tried in the district court on January 15, 1971, with the Zoning Board, Landowners and neighboring landowners all participants. The trial court, Judge Sid Stewart then presiding, concluded that Wheelers had established a nonconforming use for six trailers. Wheelers were permanently enjoined from further violations of the ordinance and were ordered to remove all but six trailers. This order was dated May 3, 1971.

Wheelers did not comply with the order to remove all but six trailers; and, in fact, continued to move more trailers on in violation of the order.

The neighboring landowners then sought, on June 24, 1971, by motion to enforce the judgment, to force Wheelers to comply.

After this attempt to enforce the judgment, the Wheelers then, on June 30, 1971, filed a petition for variance before the Zoning Board. On July 9, 1971, the Zoning Board denied the petition for variance on two grounds: (a) all of the matters raised have been presented to the district court and the district court has made its decision; and (b) it was the opinion of the Board that the public interest would not be served by a granting of the variance at this late date.

Meanwhile, on the same day, July 9, 1971, Judge Stewart held a hearing on the motion to enforce the judgment mentioned above; and at the conclusion, the court noted that the previous judgment was clear, that the nonconforming use was limited to six trailers, and said:

> "That is the order of the Court. And it will be carried out. And if counsel desires to have the defendants cited into court for contempt well, they may do so. If they do, that is going to be the ruling of the Court until it is changed and until proper procedures are brought for a change. Definitely, they are violating the Court Order when they have more than six trailers on that court. If you wish, you may draw an order to that effect and have the sheriff serve it upon them. That may eliminate a contempt procedure. The Court would be willing to go ahead with that."

Judge Stewart having indicated that the next step in the proceeding would have to be a contempt hearing, Intervenors on August 3, 1971, filed an action charging contempt. Judge Stewart was thereupon disqualified and the matter heard by the Honorable Bernard W. Thomas on September 1, 1971.

After hearing testimony, Judge Thomas gave the Wheelers until October 12, 1971 to comply with the judgment. The Wheelers still refused to comply with Judge Stewart's order and failed to bring their property into compliance by the deadline of October 12, 1971. Thereafter, counsel for the Intervenors filed an affidavit stating that ten trailer houses remained on the property and on October 18, 1971, Judge Thomas found the Wheelers to be in contempt and fined each of them Two hundred fifty dollars ($250.00) plus the sum of Twenty-five dollars ($25.00) each per day that the Wheelers

remained in contempt of court.

On October 21, 1971, the Wheelers indicated to the Court that they were in compliance with Judge Stewart's order and paid to the clerk of the district court the sum of $600 representing a contempt fine.

Heretofore we have recited the filing, on June 30, of the petition for variance before the Zoning Board.

Cause No. 19630. Variance appeal presently before the Court. As indicated above, on or about June 30, 1971, the Wheelers submitted a "Petition for Variance" to the Zoning Board. Essentially the petition for variance set forth that the Wheelers after learning that in the spring of 1970 there were no regulations prohibiting a mobile home court in the area, converted their eight acres of land into a mobile home court and received approval from the Gallatin County Health office. Also, that a non-conforming use for six trailers had been established, that the lands were useless for any other purpose, and/that the creation of the mobile home court was done in reliance upon assurances of the county officials that the Wheelers had exhausted their resources and would suffer hardship if the zoning ordinance were "strictly enforced" as against petitioners. Also, it was alleged there was no health or safety problem created and that the value of nearby property would not be damaged by use of the eight acres as a mobile home court. It was alleged that the immediate neighbors did not object to the maintenance of the mobile home court.

As indicated above the Zoning Board met and considered the petition, without public hearing, and notice, and elected to deny the petition upon the grounds the matter had been considered by the district court and the district court had made its decision. Further, the Board held that the public interest would not be served by the granting of a variance at such a late time.

We repeat some of the dates heretofore recited. The petition for variance was filed June 30, 1971. The Zoning Board denied the petition

on July 9, 1971. Judge Sorte's order dismissing the petition was on September 28, 1971. Meanwhile, in the other action concerned with the attempt of the Zoning Board to enforce Judge Stewart's judgment, the motion was filed on June 24, 1971 (before the petition for variance). On July 9, 1971, Judge Stewart ruled as heretofore quoted. The contempt action was filed on August 3, 1971. Judge Thomas gave Wheelers until October 12, 1971 to comply, and on failure, Judge Thomas fined them for contempt. This was paid on October 21, 1971.

Thus we have Landowners Wheeler failing to comply with court orders during the same time they are petitioning for variance for the very same activity they are in contempt for. A different judge now, Judge Sorte, considers the appeal from the order denying a variance; but takes judicial notice of the other files in that court.

Appellant Landowners state four issues for review; which we summarize as being whether the Landowners are entitled to a hearing on their petition for variance.

Respondents do not squarely answer the contentions of appellants, but rather set up two reasons why the district court was correct. These reasons are (1) the issues presented on the petition for variance are the same as decided in local Cause No. 19250, involving the same parties, and (2) that the Zoning Board did not err since the issues and parties are the same.

The situation here is this: Landowners Wheeler were fighting on one front to stop the application of the new zoning ordinances to their property. They succeeded to the extent of six mobile homes. While that battle is going on, Landowners Wheeler attempt to conform to the zoning ordinance by petitioning the Zoning Board for a variance.

Meanwhile the Zoning Board battles to stop the Wheelers in the court action. While that battle rages, they summarily deny the petition for variance on the grounds that the court has decided the matter and the

public interest would not be served at this late date.

Respondents would have us apply the rules of res adjudicata as stated in Brannon v. Lewis & Clark Cty., 143 Mont. 200, 387 P.2d 706; Smith v. Baxter, 148 Mont. 291, 419 P.2d 752; and Smith v. County of Musselshell, 155 Mont. 376, 472 P.2d 878. The criteria are:

(1) Parties the same;

(2) Subject matter of the action the same;

(3) The issues must be the same and must relate to the same subject matter; and

(4) The capacities of other persons must be the same in reference to the subject matter and to the issues between them.

It would appear, if these criteria have been met, that Landowners Wheeler have had due process, have had their opportunity to be heard on all matters.

The respondents then go on to argue that even though a variance is not the same as a defense and proof of a nonconforming use, that the designation of the petition as a "variance" petition is somehow in bad faith. However, the fact that Landowners Wheeler had failed to establish a nonconforming use to all eight acres they owned, does not detract from the fact that they were successful in establishing a nonconforming use to six units. To then seek a variance for the balance does not strike this Court as evidence of "bad faith". It is true that they were in contempt and paid fines for contempt, but they have simply never had a hearing on their petition for variance.

While the difficulties of convincing the Zoning Board under the facts and circumstances here are readily apparent, at the very least due process requires an opportunity to be heard.

It is clear that under the criteria heretofore set forth, the same issue is not present. A nonconforming use and a variance are simply not the same.

Accordingly Judge Sorte's order appealed from is set aside and the matter returned to the district court for hearing on the petition for variance.

_Wesley Castles_
Associate Justice

We concur:

_James T. Harrison_
Chief Justice

_Frank J. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Associate Justices