No. 12516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

JAMES WHEELER and EDITH WHEELER,

Plaintiffs and Appellants,

-vs-

RALPH ARMSTRONG, GEORGE GILLETTE et al.,

Respondents and Defendants,

-vs-

DEAN H. TRAVIS et al.,

Intervenors.

---

Appeal from:   District Court of the Eighteenth Judicial District,
Honorable Jack Shanstrom, Judge presiding.

Counsel of Record:

For Appellants:

Bennett and Bennett, Bozeman, Montana
Lyman Bennett III argued, Bozeman, Montana

For Respondents:

Olson and Gai, Bozeman, Montana
Thomas A. Olson argued, Bozeman, Montana

For Intervenors:

Brown and Gilbert, Bozeman, Montana
Gene I. Brown argued, Bozeman, Montana

---

Submitted:   March 6, 1975

Decided: APR -3 1975

Filed: APR -3 1975

Thomas J. Kearney
Clerk

PER CURIAM:

This is the culmination of a series of related cases. The facts are detailed in Wheeler v. Armstrong, 159 Mont. 392, 498 P.2d 300. We promulgated a unanimous opinion on November 19, 1974; subsequently granted a rehearing, and reheard the entire matter on March 6, 1975. This opinion replaces that issued on November 19, 1974 as reported in 31 St.Rep. 907.

Essentially what has occurred is this:

Appellants James and Edith Wheeler (hereinafter referred to as the Wheelers) own approximately eight acres of land west of the Bozeman city limits. As early as 1966 some residents of the area attempted to have/area zoned, but as of the spring of 1970 when the Wheelers began constructing a mobile home park on their property, there were no zoning restrictions. After some legal prodding by these same residents, the respondent zoning board (Zoning Board of Planning and Zoning District No. One, Gallatin County, Montana, hereinafter referred to as the zoning board) on June 12, 1970, adopted an ordinance making the existence of a mobile home park in this area a conditional use. When this ordinance was adopted the Wheelers already had three mobile home units on the property and had obtained permission from the county for installation of septic tanks for three more.

During the summer of 1970, the Wheelers continued to move mobile homes onto their property even though no application was made for a conditional use permit as required by the ordinance. On March 18, 1971, the zoning board obtained an injunction against the Wheelers prohibiting them from further violating the zoning ordinance and ordering them to remove all but six of the mobile home units. (A nonconforming use for these six units had been established.) The Wheelers refused to comply with this order and ultimately were cited for contempt.

- 2 -

On July 1, 1971, the Wheelers petitioned the zoning board for a variance with respect to the balance of the property. Since their petition set forth substantially the same matters which had been litigated at prior hearings, the zoning board denied it. Appeal was taken to the district court, but was dismissed on the theory of res judicata. The dismissal, in turn, was appealed to this Court and resulted in the decision of Wheeler v. Armstrong, 159 Mont. 392, 498 P.2d 300. We held there that the Wheelers were at least entitled to a hearing on their petition because a nonconforming use and variance were not the same and therefore the prior litigation was not res judicata.

The hearing (the subject of this appeal) was held on January 3, 1973. At this hearing the intervenors Dean Travis, et al., were made parties to the action. Wheelers produced several neighbors who testified they had no objections to the extension of the mobile home park. Intervenors presented an offsetting number of witnesses who testified to the contrary. The zoning board called Richard Mayfield, city-county planning director in Bozeman, who testified about the land use plan for the area. Among other things, Mayfield said studies revealed severe limitations in the area with respect to building foundations, septic waste disposal and hydrology. From the judgment entered for respondent board and intervenors denying the variance, the Wheelers appealed.

The issue is whether the findings and conclusions of the district court were fairly supported by the evidence.

Applications for variances to zoning ordinances are governed by the decisions in Freeman v. Board of Adjustment, 97 Mont. 342, 34 P.2d 534, and Lambros v. Missoula, 153 Mont. 20, 26, 452 P.2d 398. Lambros sets out three criteria a petition for variance must meet:

1)  The variance must not be contrary to public interest;

2)  A literal enforcement of the zoning ordinance must result in unnecessary hardship, owing to conditions unique to the property; and

3)  The spirit of the ordinance must be observed, and substantial justice done.

Applying these criteria to the evidence before it, the district court specifically found against the Wheelers in each instance.

In reviewing the trial court's judgment, we note the rule stated in Freeman, that it is only necessary to ascertain whether there is substantial and competent evidence to sustain the action of the trial court.

The Wheelers contend that our decision in Wheeler precluded the district court in this proceeding from taking judicial notice of the other related cases between the same parties. However, the record shows the district court took judicial notice of these other cases only to the extent their facts were relevant to the instant case. The court stated specifically these cases were not res judicata as to the new issues. This ruling was therefore proper and not inconsistent with our holding in Wheeler.

At the hearing counsel for Wheelers invited Judge Shanstrom to view the area. Judge Shanstrom indicated he would do so and found as facts that:

> "The Wheelers planned their forty-seven unit trailer court with knowledge that the area residents had previously submitted a zoning petition to the County Commissioners.
>
> "The Wheelers expended monies on the project with knowledge that the local District Court had taken jurisdiction in the matter.
>
> "The Wheelers expended money and continued to move trailers onto the property after the Zoning Commission had filed an ordinance describing the Court as a 'conditional use', available only after petition.

- 4 -

"The Wheelers expended money, and moved additional trailers onto their land after Judge Stewart found they had a right to only six trailers.

"The Wheelers refused to remove the excessive number of trailers until they had been fined and found in contempt of Court.

"Any injury suffered by Wheelers has been caused by their own negligence and deliberate violation of Court orders, noted above.

"The surrounding property in the area in question is rural residential homes. No trailer courts are located in the immediate vicinity of the Wheeler property.

"The health and sanitation officers have expressed concern over the immediate installation of the entire trailer court."

Judge Shanstrom then concluded:

"The hardship suffered by Wheelers is a result of their own negligence and deliberate violations of this Court's Orders and not the result of the unique condition of their property.

"The character of the neighborhood would be materially affected and changed by the granting of the petition for variance.

"The neighborhood has experienced sanitation problems in the past and the imposition of the trailer court proposed, is not justified.

"The granting of a variance to the Wheelers is contrary to the public interest."

Clearly, under the three criteria heretofore set forth, these findings and conclusions are sufficient to show that the variance was not proper.

Wheelers did show that they could comply with health and sanitation regulations, but did not show where the public interest would be served by a variance. Also, from the findings heretofore set forth, it is seen that any hardship was largely self-imposed, in the sense that Wheelers were going to go ahead in spite of anything.

We have reviewed the entire record and find substantial credible evidence to uphold the findings of the district court.

We affirm the judgment.


Honorable Alfred B. Coate, District Judge, sat in place of Mr. Chief Justice James T. Harrison.