No. 13033

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STERLING RYGG and INGA RYGG et al.,

Plaintiffs and Appellants,

-vs-

KALISPELL BOARD OF ADJUSTMENT OF
KALISPELL, MONTANA,

Defendant and Respondent,

and

WILLIAM E. ASTLE and DAVID L. ASTLE,

Intervenors.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellants:

Murphy, Robinson, Heckathorn and Phillips,
Kalispell, Montana
I. James Heckathorn argued and George B. Best
argued, Kalispell, Montana

For Respondents:

Rockwood, Murray and Donahue, Kalispell, Montana
Norbert F. Donahue argued, Kalispell, Montana
Astle and Astle, Kalispell, Montana
William E. Astle argued, Kalispell, Montana

---

Submitted: December 11, 1975

Decided: JAN 2 8 1976

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by plaintiffs from a judgment of the district court, Flathead County, affirming a variance order granted by the Kalispell Board of Adjustment for the operation of a law office in a zoned residential area.

Plaintiffs, appellants here, are residents of Block 105, Kalispell, Montana. Block 105 is zoned as a No. 1 Residential District. The intervenors are William E. and David L. Astle, brothers, who are lawyers. They purchased a residence in the zoned residential area and requested a variance for the operation of a professional office for the practice of law in the residential building located at 705 Main Street.

The application for the variance was noticed for hearing. Plaintiffs, eight in number, were present at the hearing, represented by counsel, and testimony for and against the variance was heard. The variance was granted with restrictions that there would be no exterior structural changes made to the building and that the use was limited to two attorneys and two secretaries. It allowed six maintained off-street parking spaces and a sign erected as stated in a letter from the Board of Adjustment.

Plaintiffs were opponents or objectors at the hearing and they sought a writ of review in the district court. The district court reviewed the evidence before the Board of Adjustment and affirmed the ruling of the Board. It is from this affirmance that the appeal to this Court is made.

The facts show that the subject property fronts on U.S. Highway No. 93, a primary north-south highway route through Kalispell. It is situated on the corner of U.S. Highway No. 93 and Seventh Street East; and at the time of the variance hearing was the only existing single family use of the four corners of

the intersection.  Also, it is the only single family use located on the corner of an intersection from the Flathead County courthouse through the central business district of Kalispell.

The existing uses of the three corners of the intersection are a multi-family apartment house; a clinic office building which includes a mental health clinic with out-patient service and a Carpenters District Council Office; and a parochial grade school.  The southeast corner of Block 105 has an existing law office.  Across the street from that is a dentist's office.  Behind the law office, fronting on 1st Avenue East, is an insurance office.

The objectors were eleven owners of five separate lots in Block 105.  Seven out of ten property owners fronting on Main Street, including the applicants, did not oppose the application.

The Board did not have formal rules for its guidance but did have a policy to consider neighboring commercial properties as not opposed unless the contrary is expressed.  Also the policy was to weigh the views of the neighboring property owners in reaching a decision in the best interests of the entire community.

The subject property was viewed by the Board.  The Board stated, and it is obvious from the foregoing description of the uses, that this area is in a transition stage.  By placing the restrictions on the variance granted, the Board made an attempt to keep the appearance and use limited to a considerable degree.

This appeal is made on the basic proposition that the Board has undertaken to rezone Block 105 by the expedient of granting continual and successive use variances and this method of rezoning is improper.  In plaintiffs' view of the evidence, this was shown.  However, whether the "essential character" of the neighborhood will be changed does not appear.  In fact the contrary appears.

In response to a question concerning a policy of the Mayor and the Council on variances, the chairman of the Board of Adjustment testified:

"A. Well, it's still the same all of the council together with the planning board are working on rezoning, not just this area but the entire city and the past thinking has been that if this area were rezoned, not just this area but Main Street and Idaho Street, the two U.S. Highways, if they were rezoned, any business could go in and there could be no stopping it. For instance, the request was made for the MacDonald's Drive-In to go right exactly on the property that we are talking about right now and it was discouraged but there was no formal action taken. It just didn't receive encouragement. The Mayor and the Council have constantly preferred to have this area in discussion remain as residence and let variances be granted which would enable more pleasant and a satisfactory transition."

In the context of the entire testimony, it was clear that only variances which would be compatible with the remaining residential use were considered.

We find the issue here is whether a use variance granted after statutory procedures have been followed can be set aside without a showing of an abuse of discretion?

In the instant case has any such clear showing been made to justify reversal of the decision of the Board of Adjustment or the affirmation thereof by the district court?

Three cases in Montana establish the criteria and authority for variances. Freeman v. Board of Adjustment, 97 Mont. 342, 34 P.2d 534; Lambros v. Missoula, 153 Mont. 20, 452 P. 2d 398; and Wheeler v. Armstrong,_____Mont._____, 533 P.2d 964, 32 St.Rep. 314, all recognize the Board's power to grant use variance of this type.

The criteria established by the foregoing cases are:

1) The variance must not be contrary to public interest.

2) A literal enforcement of the zoning ordinance must result in unnecessary hardship, owing to conditions unique to the property.

- 4 -

3) The spirit of the ordinance must be observed, and substantial justice done.

First, as previously indicated, we are not here concerned with a change in the essential character of the neighborhood. We recognize that plaintiffs argue that a combination of numerous use variances over the years has essentially changed the character of the neighborhood, but this long period change does not affect this particular application for a variance.

Plaintiffs cite State ex rel. Russell Center et al. v. City of Missoula, _____Mont._____, 533 P.2d 1087, 32 St.Rep. 292, as being analogous because there a change from residential use to commercial parking use was considered a factor, but there this Court said that to secure such a change required compliance with statutory methods of rezoning, referring to sections 11-2704 and 11-2705, R.C.M. 1947. While this Court did not refer to section 11-2707, R.C.M. 1947, the Board of Adjustment function, it not being necessary, neither did it reject it. Russell Center concerned the question of whether a building permit could authorize a use variance without some compliance with the general zoning statutes and ordinances. Whether the Board of Adjustment has a general discretionary power to grant use variance is controlled by Freeman, Wheeler, and Lambos.

There is simply no showing that the first test concerning public interest was met by plaintiffs.

As to the hardship test, basically plaintiffs argue the Astles have created their own hardship and had knowledge of the restrictions when they bought the property. Thus they argue Astles have not met the showing necessary.

In Freeman this Court in the year 1934 established broad principles which all of the subsequent cases have relied upon. In Freeman a permit for a combined grocery store and residence was sought in a residential zone in Great Falls. The Board of Adjustment

- 5 -

granted the permit in an order which found that the variation of the terms of the zoning ordinance would not be contrary to the public interest; that owing to special conditions, a literal enforcement of the provisions would result in unnecessary hardship; and the variation of the ordinance should be allowed so that the spirit of the ordinance should be observed and substantial justice done.

The Court at that time did not discuss with specificity factors going to the determination of unnecessary hardship but did discuss whether or not a zoning ordinance would be constitutional at all because of the invasion or unjust limitations upon the full use and enjoyment of property, including its value and its use. Having determined that property cannot be placed in a straitjacket and that what is reasonable as to a restriction today might not be reasonable tomorrow, the Court reviewed the evidence and found substantial evidence to move the discretion of the Board and affirmed the district court's review.

In Freeman the opponents argued that the property owner's only reason for building the new store was because the store he had occupied in the same block, but in another zone, was not as desirable as a new building would be. However, the Court found the hardship sufficiently shown. Freeman is really not much different than the instant case, except that here the Board of Adjustment went further to protect the other owners by applying the additional restrictions. In Freeman, the Court held in effect that the variance for hardship is not a limited power for minor variances but of a general nature and discretionary with considerable latitude.

We find then, after reviewing the record, that there was substantial evidence to move the discretion of the Board under the criteria previously established and that the appellants have not shown an abuse of discretion.

We affirm.

_Wesley Castles_
Justice

- 6 -

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_John Conway Harrison_

_Gene B. Daly_
Justices.