MR. JUSTICE SHEEHY,
dissenting.
The property here consists of two buildings. Since 1925 they have housed or been used as commercial establishments, except for short periods of non-use between lessees. A bar was located at 803 East Park until 1938, when its leasee built the Club Moderne. It was vacant for two years, leased as a bar premises again, closed for a couple of years and became a bar again in 1964. In 1972 it was used for storage, and in 1974 leased as a book shop, but the lessees failed to get financing.
A grocery was located at 805 East Park until I960, then it was vacant for two years, and used as a parachute rigging shop and then as a taxidermy shop until Cutone purchased it.
The Club Moderne is right next door, at 801 East Park. Across the street is a Buick new and used car dealership. There is a gas station on the corner, apartment houses next door to that, and the JFK *526 bar across the street from the Club Moderne. The whole area is mostly commercial, except that across the street from this property there are 3 family residences and 4 or 5 family residences on the same side of the street in the same block.
The description of the property is characteristic of that area of Anaconda.
The zoning ordinance itself recognizes the heterogeneous character of the neighborhood because of the permitted uses contained in the ordinance. In fact, the ridiculous nature of the denial of a variance in this case may be demonstrated by placing the alleged reasons for denial side by side with some of the permitted uses in the same ordinance:
REASONS FOR DENYING VARIANCE:
1. fire hazard because of nearby buildings
2. greater fire hazard risk of tavern
3. increased traffic from patrons and business visitors
4. parking problems
5. emergency vehicle access difficulties
PERMITTED USES UNDER THE ZONING ORDINANCE:
1. coliseum, stadium, gymnasium
2. churches
3. fraternal lodges
4. mortuaries
5. drug stores in clinics
6. clinics
7. hospitals
8. catering establishments
9. trade schools, business schools, dancing schools
10. convalescent and nursing homes
11. apartment hotels
12. mobile home parks
13. public and private grade and high schools
14. public and private colleges
15. taxi stands for 5 taxis
16. tourist homes
17. libraries and art galleries
*527 The permitted uses make a laughing stock out of any effort to restrain the use of 803-805 East Park as a tavern. Any fraternal organization, national or local, could move in there and open a bar tomorrow with impunity. Application of the zoning ordinance to deny the variance does therefore result in an unconstitutional application as to Cutone. The variance is clearly within the criteria required by Wheeler v. Armstrong (1975), 166 Mont. 363, 533 P.2d 964.
Under section 76-2-304, MCA, zoning decisions shall be made with a view to conserving the value of buildings and “encouraging the most appropriate use” (not the highest and best use) of land throughout the municipality. Here the most appropriate use of the property under the evidence, from its history and present surroundings, is commercial, not residential.
I would reverse.
MR. JUSTICE SHEA, J.