### Alan S. Frigon v. Hazel Whipple

[360 A.2d 69]

No. 262-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Burgess & Normand, Ltd.,* Montpelier, for Plaintiff.

*Lee E. Emerson,* Barton, for Defendant.

**Larrow, J.** Plaintiff sought a declaratory judgment that $1500 admittedly paid over to him and his former wife by the defendant, her grandmother, in May, 1969, was a gift rather than a loan. The defendant answered, claiming the payment was in fact a loan, and filed a counterclaim for its collection. Plaintiff filed no further pleading.

On trial, plaintiff objected to evidence of the loan, citing the Statute of Frauds applicable to agreements not to be performed within one year. 12 V.S.A. § 181(4). The objection was overruled and the evidence admitted. Under the evidence, the court found, in a finding not here objected to, that the transaction was a loan, and that plaintiff had agreed to pay it back "in January of 1970 or at the latest when they received their income tax refund in 1970 for the taxable year 1969." Judgment was rendered for the defendant on her counterclaim, with appropriate interest, and plaintiff has appealed.

Here under attack is the trial court's conclusion that the Statute of Frauds was not available to plaintiff as a defense to

378

the counterclaim because it had not been pleaded [V.R.C.P. 8(c)], that the contract was not within the statute in any event, and that even if it were, the stamped endorsement on the $1500.00 check, placed there by plaintiff's bank, was a sufficient memorandum.

■ V.R.C.P. 8(c) does make the Statute of Frauds an affirmative defense, and requires it to be pleaded in response to a preceding pleading. V.R.C.P. 7(a) requires a reply to a counterclaim designated as such. Rule 8(c) is virtually identical to former 12 V.S.A. § 1024, now superseded. Both the former statute and the present rule require a pleader to both plead and establish an affirmative defense. [Cf. Reporter's Note, Rule 8(c)]; *Couture* v. *Lowery*, 122 Vt. 239, 168 A.2d 295 (1961). Where, as here, the plaintiff failed to file a required responsive pleading, thereby under V.R.C.P. 8(d) admitting the averments in the counterclaim, and further failed to seek leave to amend his pleadings under the liberal provisions of V.R.C.P. 15, we have no hesitancy in affirming the conclusion of the trial court that the particular defense was not available to him on trial. A fortiori, it is not available in this Court.

■ ■ The foregoing would be sufficient basis for affirmance. But we are reluctant to base our decision on procedural errors only without pointing out that the claimed defense, even if properly pleaded, was not applicable. By its terms, the agreement was capable of being performed within a year. Repayment by January 1, 1970, one alternative promised, would have been such performance. So, possibly, could payment upon receipt of 1969 income tax refunds. Either alternative, standing alone, is sufficient to take the oral promise out of the statute. *Beattie* v. *Traynor*, 114 Vt. 495, 49 A.2d 200 (1946). Plaintiff's specious argument that the agreement was not capable of performance within a year because of his strained financial position has no bearing on the issue. The nature of the undertaking governs the applicability of the Statute of Frauds, not the capacity to comply. Plaintiff's argument would indeed spread a wide cloak over many insolvent debtors, but it has no support in the decided cases.

With an unchallenged finding that the monetary advance from defendant to plaintiff was a loan, and the trial court's

correct conclusion that the Statute of Frauds was neither available nor applicable, we do not reach the question of the sufficiency of the memorandum. It was not required.

*Judgment affirmed.*