**Town of Shelburne v. Joseph F. Kaelin**

[388 A.2d 398]

No. 58-77

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 6, 1978

*Spokes & Obuchowski,* South Burlington, for Plaintiff.

*Gilbert Myers,* Essex Junction, for Defendant.

**Billings, J.** This is an appeal by the Town from the trial court's refusal to enjoin the appellee from operating an automobile service center on his property in Shelburne. Appellant's complaint alleged that appellee's use of his property was prohibited by the Town's zoning ordinances. Appellee's answer denied the allegations of the complaint; at trial, his defense was that his business operation constituted a prior nonconforming use not subject to the zoning regulations. The trial court concluded that the nonconforming use existed prior to

the present Town zoning ordinance and therefore was not prohibited by that ordinance.

Appellee purchased the property in question in February, 1973, and commenced an auto repair business on that property in the summer of 1973. The Town adopted its present zoning ordinance effective June 5, 1974, replacing a prior ordinance originally adopted on March 5, 1963. Only the present ordinance was introduced at trial. Under the present ordinance, appellee's business is not a permitted use in the zoning district in which the property lies.

In the summer of 1975 after receiving complaints, the Town Zoning Administrator sent appellee a compliance warning notifying him that his car repair business was in violation of the Town's zoning ordinance. Appellee's application to the Board of Adjustment for a variance was denied; no appeal was taken from this decision.

Appellant raises four claims of error. First, appellant contends that 24 V.S.A. § 4472 bars appellee from raising his defense of nonconforming use, because he failed to appeal the denial of the variance. Secondly, appellant alleges that the trial court erred in allowing appellee to present evidence of a nonconforming use since it is an affirmative defense and was not pleaded. V.R.C.P. 8(c). Thirdly, the appellant charges that the trial court erred by failing to impose on appellee the burden of proving a prior nonconforming use and that appellee failed to establish such a use. Lastly, appellant claims that the trial court failed to make the requisite findings to support its conclusion that appellee had a valid pre-existing nonconforming use.

■ 24 V.S.A. § 4472(d) provides that if an interested person fails to appeal a decision of the Board of Adjustment he may not later contest that decision indirectly in a proceeding to enforce the zoning ordinance. Appellant reads this to mean that appellee's failure to appeal the denial of the variance bars his nonconforming use defense in the present action. We disagree. The issues for decision on a variance application listed in 24 V.S.A. § 4468 are distinct from the issues necessary to decide the existence of a nonconforming use, which are set out below. In the case at bar, § 4472(d) precludes any contest relative to a variance. The existence of

a prior nonconforming use, however, was never considered or adjudicated by the Board of Adjustment and hence is available as a defense in the instant action. Cf. *Wheeler* v. *Armstrong*, 159 Mont. 392, 498 P.2d 300 (1972) (decision on nonconforming use not res judicata on application for variance).

■ V.R.C.P. 8(c) provides that "a party shall affirmatively set forth and establish . . . [any] matter constituting an avoidance or affirmative defense." The defense of nonconforming use is in the nature of a confession and avoidance, the pleader confessing that his use violates the current zoning regulations, but avoiding the complaint with the new matter that the use was lawful prior to the regulations. Thus, appellee had the burden of pleading and proving his defense of prior nonconforming use. See 1 R. Anderson, American Law of Zoning § 6.09, at 327 (1968).

Ordinarily affirmative defenses not pleaded are unavailable at trial. *Frigon* v. *Whipple*, 134 Vt. 376, 378, 360 A.2d 69, 70 (1976). In the case at bar, however, appellant failed to raise this as an objection to appellee's evidence relative to nonconforming use. The issues made by the pleadings may be enlarged by the conduct of counsel, *Brassard Brothers, Inc.* v. *Barre Town Zoning Board of Adjustment*, 128 Vt. 416, 420, 264 A.2d 814, 816 (1970), and once issues not made by the pleadings become part of the case, they are treated in all respects as if they had been raised in the pleadings. V.R.C.P. 15(b). When appellant failed to raise a proper objection to the nonconforming use evidence, the issue became part of the case.

■ A nonconforming use is "a use of land or a structure which does not comply with all zoning regulations where such use conformed to all applicable laws, ordinances and regulations prior to the enactment of such regulations." 24 V.S.A. § 4408(a) (1). To establish a prior nonconforming use, the use must be in existence prior to and on the day the zoning ordinance is enacted. *Id.;* see 1 R. Anderson, *supra*, § 6.10, at 328. Also, the use must conform to all laws, including prior zoning regulations, in existence just prior to the enactment of the new zoning ordinance. *In re Chamberlin*, 134 Vt. 359, 361, 360 A.2d 100, 101–02 (1976); 24 V.S.A. § 4408(a) (1);

4 N. Williams, American Land Planning Law § 110.02, at 403 (1975). Finally, the use must be substantial. *Town of Chester* v. *The Country Lounge, Inc.,* 135 Vt. 165, 167, 375 A.2d 414, 415 (1977). See generally 1 R. Anderson, *supra,* ch. 6; 4 N. Williams, *supra,* ch. 110.

As stated above, the burden of proving the elements of a nonconforming use was on appellee who asserted it at trial as an affirmative defense. In particular, appellee had the burden to prove that his use complied with the zoning regulations in existence prior to June 5, 1974. This he failed to do, and hence the affirmative defense of nonconforming use normally would not be available to him, V.R.C.P. 8(c), see *Frigon* v. *Whipple,* 134 Vt. 376, 360 A.2d 69 (1976), and the appellant would be entitled to injunctive relief. Upon review of the record, however, it appears that the trial court foreclosed in part the presentation of the parties' claims by its erroneous statement as to the law relative to the elements of the defense of nonconforming use. Enough appears in the record to satisfy us that the appellee may have a meritorious defense if properly presented, and in fairness we think he should have the opportunity to do so. *Essex Chair Co.* v. *Fine Furniture Co.,* 116 Vt. 145, 148, 70 A.2d 578, 581 (1950). The appellant likewise should have an opportunity to meet that issue by evidence, if any it may have. *Laferriere* v. *Saliba,* 119 Vt. 25, 34, 117 A.2d 380, 385 (1955). That we have the power in our discretion to remand a cause to prevent a failure of justice is beyond question, and it has been our practice to do so when the circumstances warrant. *Laferriere* v. *Saliba, supra,* 119 Vt. at 34, 117 A.2d at 386; *Shea* v. *Pilette,* 108 Vt. 446, 455, 189 A. 154, 158 (1937); and cases cited therein.

*Reversed and remanded.*