### Town of Shelburne v. Joseph F. Kaelin, Jr.

[415 A.2d 194]

No. 95-79

Present: Barney, C.J., Daley and Billings, JJ., Keyser, J. (Ret.), and Gibson, Superior Judge, Specially Assigned

Opinion Filed April 8, 1980

*William G. Livingston* of *Spokes & Obuchowski,* South Burlington, for Plaintiff.

*Gilbert Myers,* Essex Junction, for Defendant.

**Billings, J.** This case comes before us for the second time in this appeal. In the original action, plaintiff-appellee here sought to enjoin the defendant-appellant from operating an auto service center on his property, it being prohibited by 1963 zoning regulations. The cause was remanded in order to allow the defendant to present evidence relative to his affirmative claim of a prior nonconforming use. *Town of Shelburne v. Kaelin,* 136 Vt. 248, 388 A.2d 398 (1978). Upon retrial, the trial court determined that the defendant's use was in violation of the effective 1963 zoning ordinance, and that the defendant's use, which commenced in 1973, therefore, did not qualify as a prior nonconforming use. The defendant now appeals.

Pursuant to No. 258 of the Acts of 1963, the Town of Shelburne adopted zoning regulations which prohibited auto service centers in the "central village district" where the defendant's property is located. These zoning regulations were subsequently amended in May of 1966 and ratified by a vote establishing a charter for the Town of Shelburne pursuant to No. 223 of the Acts of 1967, chapter 7, section 1. Both parties agree that in 1974 a new zoning ordinance, still in effect, was validly adopted, and that under it the defendant's use would not be permitted unless it is a "non-conforming use," as defined by 24 V.S.A. § 4408 (a) (1).

The appellee introduced evidence below on the relevant enabling legislation and the complying votes and actions by the town with respect to each phase of its zoning history. The appellant claimed that the 1963 ordinance and subsequent ratification in 1967 were defective, in order to establish that his use is a valid nonconforming use, as defined by 24 V.S.A. § 4408 (a) (1). The trial court laid great stress on the fact that the appellee's evidence showed that the town charter adopted in 1967 validated the 1963 ordinance. Nevertheless,

although he introduced evidence on his use since the summer of 1973, the appellant introduced no evidence whatsoever on any defects in the zoning regulations of 1963 or their subsequent ratification in 1967.

The sole issue here is whether the 1963 zoning ordinance was improperly adopted. If, on the record, it was not improper, there could not have been a prior nonconforming use, since the use would not have conformed to the zoning regulations in existence just prior to the enactment of the new zoning regulations in 1974. 24 V.S.A. § 4408(a)(1); *Town of Shelburne* v. *Kaelin, supra,* 136 Vt. at 251–52, 388 A.2d at 400.

■ Upon the introduction into evidence of the 1963 zoning regulations and their adoption and ratification, there arose a presumption of their validity. The burden of going forward then shifted to the party seeking to invalidate the zoning regulations to introduce evidence tending to show the lack of strict compliance with the statutory adoption procedures. If such evidence is introduced the presumption of validity disappears and the town then must go forward with the evidence and meet the burden of proof on the issue of validity. *Town of Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 195–96, 373 A.2d 528, 530 (1977).

■ As this Court stated in the prior appeal, *Town of Shelburne* v. *Kaelin, supra,* 136 Vt. at 252, 388 A.2d at 400, the burden of proving the elements of a nonconforming use, and, more specifically, that the appellant's use complied with any regulations existing prior to the adoption of the new zoning regulations in 1974, was on the appellant who asserted this as an affirmative defense at trial. However, in order for the appellant to meet this burden, where he claims that the prior zoning was invalid, he must not only introduce evidence of his own conduct, but also introduce some evidence that overcomes the presumption that such zoning was valid. Upon a review of the record, it is clear that the defendant failed to introduce any evidence whatsoever as to the alleged defects in the prior zoning regulations. The trial court order, therefore, is without error.

*Affirmed.*