## Maria L. Halpern v. Frederick I. Kantor

[428 A.2d 1132]

No. 397-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 23, 1981

*Arthur J. O'Dea, P.C.,* and *Joseph J. O'Dea,* Manchester Center, for Plaintiff.

*Charles R. Eichel,* Manchester Center, for Defendant.

**Hill, J.** This case comes to us a second time, see 136 Vt. 281, 388 A.2d 411 (1978), in an attempt to resolve a dispute between two partners. The partnership was formed for the purpose of building and selling two residences on separate lots in Londonderry. Plaintiff, as she did the first time we saw this suit, seeks dissolution, damages for breach of the partnership agreement, and an accounting by the defendant. Defendant both defends and cross-claims, seeking damages for alleged breaches of the partnership agreement by plaintiff.

The facts surrounding this controversy were adequately recited in our previous decision.

The trial court during the first round of litigation made findings of fact and issued a judgment order allocating partnership liabilities, providing for the division of partnership assets and ordering dissolution of the partnership. Both parties attacked the judgment. We made an entry of reversed and remanded, in part because the trial court's resolution was based on the contingency of sale of partnership property, rather than on a final alignment of the parties' interests.

On remand, the court held an additional hearing. It also had for consideration, by stipulation of the parties, the entire transcript and exhibits from the first hearing.

The court made new findings and concluded that the partnership was dissolved because the purpose of the partnership was ended, 11 V.S.A. § 1323(1)(A). The court also concluded that any breaches of the partnership agreement by either party were offset by the breaches of the other and were not sufficiently willful or persistent to justify a dissolution in the fall of 1972, 11 V.S.A. § 1324(a)(4). An order was entered dissolving the partnership and stating an accounting. It is from this judgment that defendant appeals. The plaintiff has also instituted a cross-appeal. We affirm.

The Uniform Partnership Act, 11 V.S.A. § 1321 et seq., clearly defines the procedures for dissolving a partnership in Vermont, and elucidates the rights and liabilities pursuant to dissolution. Depending upon the cause for ending a partnership agreement, the statute creates the steps to be taken to settle accounts.

The defendant claims that the partnership was dissolved by the actions of the plaintiff in December, 1972. Although we are provided with little guidance in the briefs, it appears that defendant is relying on 11 V.S.A. § 1323(2) or 11 V.S.A. § 1324(a)(4).

The former section states that dissolution is caused:

In contravention of the agreement between the partners, where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time.

Defendant fails, however, to provide evidence that plaintiff ever expressly gave notice she was terminating the partnership agreement. While a self-help remedy has been recognized, see *Friedman* v. *Golden Arrow Films, Inc.,* 442 F.2d 1099 (2d Cir. 1971), a party must provide actual notice of an intention to treat the business relationship as dissolved. Since there was no notice provided, there was not dissolution pursuant to 11 V.S.A. § 1323(2), and the partnership survived.

In order for plaintiff's actions to be a ground for dissolving the partnership by court decree as provided in 11 V.S.A. § 1324(a)(4), those acts must be willful or persistent. The trial court specifically found that the breaches were not willful or persistent. Our reading of the transcript discloses no reason to dispute that finding. See V.R.C.P. 52(a).

Defendant's other claims involve the lower court's accounting and allocation of income. The transcript in this case indicates that the court's findings and conclusions are adequately supported.

Plaintiff's cross-appeal similarly is without foundation. She claims for the first time on appeal that the lower court exceeded its responsibilities on remand. In carrying out a mandate of this Court, the trial court is limited to our specific directions as interpreted in light of the opinion. See *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260, 264 (1972). Our entry order read "reversed and remanded," yet we failed to direct the lower court to follow a specific course. Plaintiff may not claim now that the trial court erred by making additional and different findings of fact when she did not object to the court's proceedings below.

*Affirmed.*