**UNITED STATES, Appellee,**

v.

**Specialist Four Jessie L. PERRY, Jr., 256–84–3270, United States Army, Appellant.**

**CM 445410.**

U.S. Army Court of Military Review.

10 Dec. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain Audrey H. Liebross, JAGC (on brief), Colonel Brooks B. La

Grua, JAGC, Captain Kevin T. Lonergan, JAGC.

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Garreth E. Shaw, JAGC, Captain Samuel J. Rob, JAGC (on brief), Lieutenant Colonel Gary F. Roberson, JAGC.

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

PER CURIAM:

In *United States v. Perry*, CM 445410 (A.C.M.R. 18 Nov. 1985) (unpub.), we remanded the record of trial in this case to the original trial judge "for a statement of the rationale which led the judge to his general findings ... at the time the case was tried," citing *United States v. Wilson*, 13 M.J. 247, 252 (C.M.A.1982). This action was prompted by appellant's contention that the trial judge's general findings were inconsistent. Appellant asserted that the trial judge had necessarily found that the victim had consented to an act of sexual intercourse charged as rape; consequently, appellant argued, his conviction of a lesser included assault consisting of acts of foreplay and intercourse could not be affirmed. Our remand was designed to determine whether appellant's assertion was correct or whether the trial judge had arrived at his general findings by another route. Our ultimate objective was to resolve any ambiguity in the findings and insure that appellant does not stand improperly convicted.

On 20 November 1985, the government moved that we reconsider our remand. That motion was granted on 25 November 1985. On 29 November, appellant filed his own motion for reconsideration. That motion was granted on 2 December 1985.[1] The government's position is that the case at bar is controlled by the following language from *United States v. Roa*, 12 M.J.

210 (C.M.A.1982): "Among the remedies that come to mind are ... remand to the original military judge for reconsideration of his findings in a proceeding where the accused is present with counsel...." 12 M.J. at 213. The government also asserts that "[t]he *ex parte* proceeding directed by the [c]ourt has no precedent and is unsupported by any procedural rule or case known to the government." Appellant apparently concurs in these arguments and also submits *United States v. Larneard*, 3 M.J. 76 (C.M.A.1977), for our consideration.

We considered the cited passage from *Roa* while considering our original decision; in retrospect, it appears that we should have addressed it in our written opinion and thus avoided the current confusion. In any event, the critical difference between *Roa* and the case at bar is that in *Roa* the court was contemplating reconsideration of a verdict, whereas in the case at bar we are merely seeking elucidation of the rationale behind a verdict. The former involves reopening the case and creates the possibility of taking additional evidence. At such proceedings one would naturally provide for the presence of the accused with his lawyer in consonance with the Fifth and Sixth Amendment rights to due process and counsel. On the other hand, what we have directed involves no such proceedings and no occasion for the exercise of those rights.

A similar analysis applies to appellant's reliance on *Larnead*. That case dealt with the due process right to notice in connection with the running of the period within which an appeal may be filed with the United States Court of Military Appeals. *Larnead* is inapplicable to the case at bar, however, since *Larnead*'s notice requirement covers a situation where some decision or action by an appellant is contemplated. Our remand contemplates no decision or action by appellant. It only seeks an explanation from the trial judge based on information he already has, not informa-

---

1. In addition to reiterating the matters submitted in his original assignment of errors, appellant asked that this court "reconsider its decision for the reasons stated by the government in its motion for reconsideration."

tion that might be furnished by either the government or appellant.

As to the precedent for the procedure we have ordered, we offer the following examples in addition to the case cited in our original decision:

(a) The All Writs Act, 28 U.S.C. § 1651(a), which is applicable to this court, *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979), provides authority for such orders as may be necessary or appropriate in aid of our jurisdiction. In addition, as an appellate tribunal in the military justice system, we have "judicial authority over the actions of trial judges in cases that may potentially reach [us]." *Dettinger v. United States*, 7 M.J. at 220. It follows that we also have judicial authority over the actions of trial judges in cases which have already reached us.

(b) As a basic matter, appellate courts have the power to remand cases to trial courts for the resolution of specific issues. In particular, if the findings of the trial judge "are inadequate to explain the basis of [a] ruling or to permit meaningful review," remand is appropriate. *H. Prang Trucking Co. v. Local No. 469*, 613 F.2d 1235, 1239 (3d Cir.1980); *see also Professional Plan Examiners of New Jersey, Inc. v. Lefante*, 750 F.2d 282, 289 (3d Cir. 1984).

(c) In carrying out his mandate from the appellate court, the trial judge is limited to the scope of the appellate court's remand and may only undertake proceedings consistent with that order. *See, e.g., Hartford Nat. Bank & Trust Co. v. Tucker*, 195 Conn. 218, 487 A.2d 528 (1985); *Halpern v. Kantor*, 139 Vt. 365, 428 A.2d 1132 (1981); *Rosenbaum v. Rosenbaum*, 94 Ill.App.3d 352, 49 Ill.Dec. 919, 418 N.E.2d 939 (1981).

(d) An appellate court may remand a case to a trial judge for the sole purpose of obtaining an explanation of the basis of a legal ruling. "[W]here we have felt unable to soundly resolve the ... issue on the information available to us and a further call on the trial judge promised real assistance, we have remanded for suitable amplification.... A remand simply calls upon the trial judge for an articulation of reasons he already has." *United States v. Stanley*, 469 F.2d 576, 585, 587 (D.C.Cir. 1972).

Having reconsidered our decision, we adhere to it. The original trial judge will comply with our decree within the time provided.