# Michael G. Cain v. Edward P. Grace III

[508 A.2d 699]

No. 84-269

Present: **Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 28, 1986

*Samuel H. Press* of *Samuelson, Portnow & Little, P.C.*, Burlington, for Plaintiff-Appellee.

*Phyllis G. Severance* of *McNamara, Fitzpatrick & McCormick*, Burlington, for Defendant-Appellant.

**Hill, J.** Defendant appeals the judgment of the lower court finding him liable in contract to plaintiff in the amount of $17,688.75. We affirm.

The parties to this litigation entered into an agreement to buy an airplane in the fall of 1978. They contributed equally to the purchase price, and they agreed to share equally the profits and losses generated by the venture. Although the precise terms of the agreement were never reduced to writing, the trial court found that both parties envisioned using the aircraft and leasing it to others in addition to obtaining certain tax advantages from their investment. The parties formed a corporation, Cuckoo Bird Aviation, Ltd., to facilitate the undertaking.

The parties originally purchased a twin-engine Piper Seneca. They each contributed $15,000 and co-signed a promissory note in the amount of $102,000 from the Merchants Bank, which took a security interest in the plane. In November 1978, the bank, in order to protect its security interest, took steps to repossess the plane from defendant, who was in Florida at the time. When the plane was returned to Burlington, Vermont, the bank decided to forego further legal action and allow plaintiff, as agent for the corporation, to take possession of it.

In an effort to minimize the corporation's losses, plaintiff initially leased the plane on a commercial basis. He then sold the plane on behalf of the corporation for $15,000 and a Lance aircraft. The corporation, through plaintiff, leased the Lance until 1980. In 1980 plaintiff sold the Lance and used the proceeds to reduce the amount owed Merchants Bank on the original promissory note. He brought the present action seeking reimbursement for one-half of the amount he expended in covering the losses of the venture.

Defendant's claims on appeal are based upon alternative theories concerning the dissolution of a partnership relationship pursuant to 11 V.S.A. § 1323.

■ We begin by noting that the defense of dissolution in an action between partners for contribution is a matter in avoidance which must be pled affirmatively. See V.R.C.P. 8(c). In this case plaintiff's complaint, while alluding to a "venture," simply alleged that defendant reneged on his agreement to share equally in the operating and financing expenses incurred by the corporation. It did not raise any issue as to dissolution. Defendant answered by

way of a general denial, thus giving plaintiff no notice of defendant's intention to raise a dissolution defense.

■ Ordinarily, an affirmative defense which is not pled is not available at trial. *Town of Shelburne v. Kaelin*, 136 Vt. 248, 251, 388 A.2d 398, 400 (1978). Issues not raised by the pleadings, however, may be tried by express or implied consent of the parties. V.R.C.P. 15(b). Once an issue not raised by the pleadings becomes part of the case through counsel's conduct at trial, it is treated in all respects as if it had been raised in the pleadings. *Kaelin, supra*, 136 Vt. at 251, 388 A.2d at 400 (citing V.R.C.P. 15(b)). In the instant case, defendant introduced evidence during the course of trial concerning the dissolution of the parties' venture. As plaintiff failed to raise a proper objection to this evidence, it became part of the case. Defendant is therefore entitled to argue this issue on appeal.

Defendant asserts that the lower court erred by failing to find that the parties' venture dissolved when the bank repossessed the Piper Seneca from him in November of 1978. He argues that dissolution was effected either by his express will in accordance with 11 V.S.A. § 1323(1)(B) or by the termination of the parties' undertaking under 11 V.S.A. § 1323(1)(A).

■ Addressing the merits of these claims, we note first that "a party must provide actual notice of an intention to treat the business relationship as dissolved." *Halpern v. Kantor*, 139 Vt. 365, 367, 428 A.2d 1132, 1134 (1981). Defendant plainly did not give actual notice of his intention to dissolve the partnership. Moreover, there is ample evidence in the record to support the court's finding that the agreement to share equally in the profits and losses of the parties' venture was never rescinded or modified. Thus, there was no dissolution under 11 V.S.A. § 1323(1)(B). *Id.*

■ Defendant's argument under 11 V.S.A. § 1323(1)(A) is not persuasive. The court found that the purpose of the business arrangement centered not only on the parties' personal use of the aircraft but also on the potential lease profits and possible tax advantages to be derived from the venture. These purposes clearly survived the bank's abandoned attempt to repossess the plane, and they preclude a finding of dissolution based upon a termination of the parties' undertaking. Thus, the lower court's determination of liability and its dismissal of defendant's coun-

602

terclaim must be affirmed.

*Affirmed.*