## State of Vermont
## Superior Court—Environmental Division

========================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

**In re Transtar, LLC,**                                        **Docket No. 46-3-11 Vtec**

  (Appeal of David and Irene Wilson from ZBA denial of their appeal from ZA decision)

Memorandum on Burden of Proof filed on 6/30/11 by David R. Cooper, Attorney for Transtar LLC

Memorandum on Burden of Proof filed on 7/1/11 by John C. Thrasher, Atty for David and Irene Wilson

Response filed on 7/5/11 by David R. Cooper, Attorney for Transtar, LLC

___ Granted             ___ Denied                  _X_ Other

      This Entry Order clarifies who bears the burden of proof in this appeal of a February 23, 2011 decision by the Town of Dorset ("Dorset") Zoning Board of Adjustment ("the ZBA"). By its decision, the ZBA took up a complaint by David and Irene Wilson ("the Neighbors") that landowner Transtar, LLC ("Transtar") was conducting activities on its property at 4151 Route 30 in Dorset without authority under the Town of Dorset Zoning Bylaws ("the Bylaws"). This Entry Order is intended to serve as an aid to the parties as they prepare for trial.[1]

      For the purposes of this Entry Order, we assume the accuracy of the following procedural facts, as detailed in the ZBA's February 23, 2011 decision, although the parties should feel free to dispute these facts in pre-trial motions or at trial. At the request of David Wilson, the Town of Dorset Zoning Administrator ("the ZA") investigated whether Transtar's use of its property was in compliance with the Bylaws. The ZA issued a decision, concluding that Transtar's activities were permissible, and Mr. Wilson appealed that decision to the ZBA. Upon hearing evidence from both Mr. Wilson and a principal from Transtar, the ZBA concluded that Transtar's operation of a sawmill on its property can continue without a permit, but that Transtar must discontinue using its property for commercial truck repair and seek a conditional use permit if it wished to continue to process firewood.

      Because the ZBA's decision originated with Mr. Wilson's request, the Neighbors bear the burden of proof—both the initial burden of production and the ultimate burden of persuasion—regarding whether any of Transtar's property uses are in conflict with the Bylaws. What we have before us is not the appeal of a notice of violation ("NOV")[2] or an enforcement action brought by Dorset; if this were the case, Dorset would bear the burden of proof. Here, instead, we are reviewing the Neighbors' allegation of a zoning violation; both Transtar and Dorset are merely responding to the Neighbors' allegations and complaint.[3] In other words, the burdens of production and persuasion are the Neighbors' responsibility

---

[1] In our Scheduling Order of May 13, 2011, the Court asked the parties to either stipulate as to who bears the burden of proof in this appeal or to each file a memorandum on the issue. The parties chose the latter. We therefore considered the parties' memoranda as competing motions; this Entry Order serves as our response.

[2] This procedural fact distinguishes these proceedings from those at issue in In re Appeal of Taylor's Automotive, LLC, No. 42-3-04 Vtec (Vt. Env. Ct. Dec. 16, 2005) (Durkin, J.), which concerned an NOV appeal.

[3] The Court wishes to also make clear to the parties that our ultimate decision in this appeal will not establish conclusively that a violation does or does not exist. In hearing Mr. Wilson's request for review and enforcement, we will be metaphorically stepping into the shoes of the ZBA to consider whether the Neighbors' request has merit. See V.R.E.C.P. 5(g); In re Torres, 154 Vt. 233, 235–36 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader. . . .

since we are charged in this de novo proceeding with considering Mr. Wilson's complaint that Transtar is violating the Bylaws.[4]

Once the Neighbors fulfill their initial burden of production, the evidentiary burden shifts to Transtar to offer refuting evidence.  In this regard, Transtar's burden is similar to what it would be if Dorset had initiated an enforcement action.  To the extent that the Neighbors make an initial showing that Transtar is in violation of the Bylaws, the burden would then fall upon Transtar to provide credible, contradicting evidence.  For example, to the extent that the Neighbors assert that some use of Transtar's property is not allowed under the Bylaws, Transtar could present evidence that its purported use can be regarded as a lawful preexisting nonconforming use that it is entitled to continue.  See 24 V.S.A § 4303(15); cf. Town of Shelburne v. Kaelin, 136 Vt. 248, 251–52 (1978) (indicating that the argument that a use is a preexisting nonconformity can be an affirmative defense to an allegation that the party's property use violates an ordinance provision and concluding that the party asserting that defense bears the burden of establishing its elements); 4 E. Ziegler, Rathkopf's Law of Zoning and Planning §§ 65:33, 72:2 (4th ed. 2011).  To make such a showing, Transtar would have to prove the elements of a lawful preexisting nonconforming use: that the use existed prior to the ordinance being established, that the use conformed to all laws existing prior to the ordinance being established, and that the use is substantial enough to warrant recognition.  See Kaelin, 136 Vt. at 251–52; see also 4 E. Ziegler, Rathkopf's Law of Zoning and Planning § 72:2.

If Transtar shows that its use or uses are lawful preexisting nonconforming uses, the Neighbors will then necessarily bear the final evidentiary burden of negating Transtar's argument.  They could, for instance, present evidence showing that the nonconforming use or uses are subject to restrictions in the Bylaws; it is the Neighbors who bear the burden of such a showing.  See 24 V.S.A. § 4412(7); Bylaw § 10.1; cf. 4 E. Ziegler, Rathkopf's Law of Zoning and Planning § 65:33.  To the extent that the Neighbors fail in their overall evidentiary burden, their complaint that Transtar is violating the Bylaws must fail.

Should this case proceed to a merits hearing, the Court will first ask the Neighbors to present their case and then allow Transtar the opportunity to respond and present its case.  Dorset will also be afforded an opportunity to present evidence.  All parties will be afforded the opportunity to offer rebuttal evidence.

The Court directs the parties to now turn to and comply with the deadlines in our Revised Scheduling Order, also issued today, responding to Transtar's proposed scheduling order.

_____          _____September 15, 2011_____
        Thomas S. Durkin, Judge                                         Date

=============================================================================

Date copies sent to:  _____                          Clerk's Initials _____

Copies sent to:

    David R. Cooper, Attorney for Appellants Transtar, LLC

    John C. Thrasher, Attorney for Cross-Appellants David and Irene Wilson

    Joseph J. O'Dea, Attorney for Town of Dorset

---

[W]hatever the zoning board of adjustment or the planning commission might have done with an application properly before it, the superior court may also do if an appeal is duly perfected.").

[4]  Although we conclude that Dorset does not bear the burden of proof in this proceeding, this does not mean that a zoning administrator is free to neglect his or her duty to enforce the zoning ordinance and to take actions against discoverable violations.  A zoning administrator who does so risks being the subject of a mandamus request.  See Petition of Fairchild, 159 Vt. 125, 130–31 (1992); 24 V.S.A. §§ 4448(a), 4452.