VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00092



| | |
|---|---|
| **Chompupong DRB Decision Appeal** | **DECISION ON MOTIONS** |

This is an appeal by Karen Geriak and Adam Dworkin (Appellants) from a decision of the Town of Manchester (Town) Development Review Board (DRB) upholding the Zoning Administrator's issuance of a sign permit to Vonnarat Chompupong (Applicant) for the replacement/reconstruction of a freestanding sign located at 4659 Main Street in Manchester, Vermont (the Property).

Presently before the Court are Appellants' and the Town's cross-motions for summary judgment. Additionally, Appellants have moved to strike the Town Zoning Administrator's affirmation in support of the motion for summary judgment.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Discussion

In reviewing the voluminous filings in the record, there are disputes of fact that are material to the resolution of this appeal. Accordingly, we are unable to grant summary judgment to either

party. We will instead schedule this matter for a trial on the merits. To narrow the issues for trial and help focus the parties, we provide the following brief discussion.

There is one question before the court, which asks: "whether the sign is permitted under the Town of Manchester Zoning Ordinance, Section 10 (Sign Regulations)?" Chompupong DRB Decision Appeal, No. 24-ENV-00092 slip op. at 2 (Vt. Super. Ct. Envtl. Div. April 16, 2025) (McLean, J.).

As a preliminary matter, Appellants' motion seeks relief which is unavailable in this permit appeal. Appellants ask the Court to order Applicant to remove the sign from the public right of way and to bring any replacement signage into compliance with all applicable provisions of the Ordinance. This request confuses this permit appeal with an enforcement action.[1] Our role in this permit appeal is to determine whether the application before the Court complies with the Ordinance, and by extension, whether a permit should be granted or denied. Depending on our ruling, it would be the Town's responsibility in the first instance to take any appropriate enforcement action. See 24 V.S.A. § 4451 ("the administrative officer shall institute in the name of the municipality any appropriate action, injunction, or other proceeding to prevent, restrain, correct, or abate… any act, conduct, business, or use constituting a violation.").

It is undisputed that the sign is located within a public right of way, which is prohibited under Section 10.14(3) of the Manchester Land Use and Development Ordinance (the Ordinance). Similarly, it appears undisputed that the sign does not meet the applicable setback under Section 10.4.3. Appellants rely on these facts as the primary basis for seeking judgment in their favor. However, these facts are not the end of the matter, as the Town has identified multiple potential defenses to both the right of way prohibition and the setback requirement. Appellants' motion does not seek judgment relating to the Town's defenses, and Appellants strongly dispute the underlying facts regarding those defenses.

The Town raises two distinct legal arguments in defense of the application on appeal.[2] First, the Town argues that Appellants' claim for relief is statutorily time barred by 24 V.S.A. § 4454(a). Alternatively, the Town argues that the sign is a preexisting nonconforming structure that is allowed to continue to exist in its present location under the Ordinance.

---

[1] Appellants' Reply to Town of Manchester's Opposition and in Further Support of Appellants' Motion for Summary Judgment, at page 2, expressly refers to their appeal as "this enforcement action." As discussed above, this is an inaccurate characterization of the permit appeal presently pending before the Court.

[2] Applicant filed a brief memorandum joining the Town's cross motion in support of the application.

The Town's reliance on 24 V.S.A. § 4454(a) is misplaced. This provision creates a 15-year statute of limitations on municipal enforcement of zoning violations. Specifically, 24 V.S.A. § 4454(a) provides that:

> An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land use permit may be instituted under section 1974a, 4451, or 4452 of this title against the alleged offender if the action, injunction, or other enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred and not thereafter…

24 V.S.A. § 4454(a).

Again, this is not an enforcement proceeding regarding a zoning violation pursuant to 24 V.S.A. §§ 1974a, 4451, or 4452. Rather, this is an appeal of a permit issued by the Town. Thus, 24 V.S.A. § 4454(a) is plainly inapplicable. It makes no sense for the Town to issue a permit for the sign, then turn around and argue that the sign's location is exempt from enforcement. Because this is not an enforcement action, 24 V.S.A. § 4454(a) is irrelevant to the Court's review in this appeal.

More relevant is the Town's argument that the sign is a preexisting nonconforming structure. A determination as to whether something is a nonconforming use/structure involves substantial fact finding. See Killington Mountain House, LLC NOV, Nos. 138-12-18 Vtec, 30-2-19 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2020) (explaining that a landowner must prove that (1) the use existed prior to the zoning bylaw being established; and (2) the use conformed to all laws existing prior thereto). Additionally, this Court looks at the municipality's bylaws to determine how nonconformities are regulated within its jurisdiction. See 24 V.S.A. § 4412(7) (requiring all bylaws to define and regulate nonconformities and conferring broad discretion in how to do so).

In support of its motion, the Town directs us to the prior permitting history of the Property and this sign. In reviewing this history, there are numerous disputes of fact that are material to the disposition of the pending motions.

The Town first argues that the sign has existed in its current location in the Town right-of-way for over 29 years. The Town supports this assertion with an affirmation by the Assistant Zoning Administrator, Elias Schroeder. Appellants emphatically dispute Mr. Schroeder's affirmation, arguing that it is misleading and lacks a proper foundation. Further, Appellants allege that the sign structure and surrounding site conditions have undergone significant material changes which extinguished any

3

prior nonconforming status. Appellants provide extensive and meticulous descriptions of those changes to dispute the Town's assertions.[3]

The Town also points to an unappealed 2004 permit decision allegedly authorizing the construction of the sign in its current location.[4] Appellants dispute the scope and preclusive impact of this 2004 permit. The interpretation and preclusive impact of any prior permits, including both the 2004 permit and a permit issued by the Town for a freestanding sign in 2010, are legal issues that may ultimately be relevant to the present application and the sign's status as a preexisting nonconformity. However, if the 2004 and/or 2010 permits did authorize the sign in its present location, such that it created a nonconformity, this is not clear from the face of the permit(s). Town's Ex. 4. Without more information about those permits, as well as the regulations in effect at the time those permits were issued, we cannot determine whether the 2004 and/or 2010 permits created nonconformities or whether the existing sign conforms with or exceeds what was authorized by those permits. Thus, the Town has not met its burden of proving that the sign is a preexisting nonconformity in its pending motion. Town of Shelburne v. Kaelin, 138 Vt. 247, 249 (1980) (party asserting nonconformity has the burden of establishing its elements). Similarly, it would be premature to rule on the preclusive effect of the 2004 and 2010 permits when there are significant underlying factual issues in dispute.

Appellants dispute many other details of this sign's history— down to the brackets and other materials used in its construction/maintenance. Most crucially, Appellants dispute the Town's characterization that Applicant's permit application was for the replacement of a panel on the existing signpost.[5] Rather, Appellants suggest that Applicant demolished and reconstructed the sign in its entirety, thus extinguishing any nonconforming status. With so many potentially relevant details in dispute, we are unable to render a decision at this time on whether the sign is or is not a preexisting nonconformity under the Ordinance, or whether the sign complies with the sign regulation provisions contained in Section 10 of the Ordinance. Accordingly, summary judgment must be denied to each party.

---

[3] In support of their motion, and in opposition to the Town's motion, Appellants have submitted extensive exhibits through the Odyssey electronic filing system. The Court is also aware that Appellants have submitted numerous videos through the Vermont Digital Evidence Portal. This digital evidence appears to have been cited for the first time in Appellants' Reply to Town of Manchester's Opposition and in Further Support of Motion for Summary Judgment. It is unclear to the Court what this digital evidence adds given the exhibits and other materials already in the record.

[4] In making this argument, the Town cites to the exclusive remedy provisions of 24 V.S.A. § 4472. It is unclear how the principles of finality and preexisting nonconforming status are related. Rather, these appear to the Court to be two separate legal theories in defense of the application.

[5] See Ordinance Section 10.3.3 (Administrative Review) and 10.3.4 (No Permit Required).

## Conclusion

For the foregoing reasons, we conclude that there are material facts in dispute that are crucial to the resolution of this appeal. Most importantly, the parties dispute whether the sign is a preexisting nonconformity, which is an inherently fact-based analysis. Accordingly, we **DENY** both cross motions for summary judgment. In denying the cross motions, Appellants' motion to strike the affirmation of Elias Schroeder is rendered **MOOT**. To the extent that the Town intends to call Mr. Schroeder as a trial witness, we will entertain any objections to his testimony when they arise during trial.

The parties shall file their dates of unavailability for a two-day trial in August/September on or before July 16, 2025.

Electronically signed on July 3, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division