VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-243



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

FEBRUARY TERM,  2026

Victor Calderon\* v. J.R. LaCourse

}   APPEALED FROM:
}
}   Superior Court, Chittenden Unit,
}   Civil Division
}   CASE NO. 23-CV-04279
   Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff, self-represented, appeals from the trial court's decision in this contract dispute. We reverse and remand for additional proceedings.

Plaintiff filed a complaint against defendant in September 2023 based on an uncompleted roofing job. Defendant worked on plaintiff's roof for one day in late June 2023 and did not complete the agreed-upon work. At a bench trial, plaintiff testified that the parties entered into various contracts concerning the work and that he advanced money to defendant via three separate checks for $4000, $6740, and $7000. The agreements and copies of the checks from plaintiff's bank appear from the record to be part of plaintiff's Exhibit 1, which was admitted into evidence. The first two checks showed images of the front and back of the checks; the third check showed only the front of the check, which was dated June 24, 2023, and made out to defendant for $7000. In an exhibit containing text messages between the parties, plaintiff on June 26, 2023, asked defendant to send him receipts for the payments he had made and "a picture of the check from Saturday," which was June 24, 2023. Defendant acknowledged cashing the first two checks but testified that he did not receive the third check. Defendant stated that he received $10,740 from plaintiff and refunded him $9000. The face of a check for $9000 to plaintiff, dated July 2, 2024, was entered into evidence. Defendant testified that he considered the $1740 he retained to be compensation for materials and the work he completed. Defendant claimed entitlement to a much larger sum prior to the filing of this lawsuit in a document submitted by plaintiff ($6740 for thirty-six hours of labor and materials), and he claimed to owe plaintiff nothing.

The court made findings on the record at the close of the hearing. It found that in the Spring of 2023, the parties entered into a series of contracts related to roof repairs. On his first day on the job, defendant discovered damage that was not visible from an exterior inspection. The court found that defendant "buttoned up" his work that day and that defendant was justified

in stopping work. According to the court, the condition of the roof was substantially different than contemplated by the parties and the original contract was impossible to execute according to its terms. The court found that the total contract amount was for $41,890 and that plaintiff had paid defendant $10,740. The court acknowledged plaintiff's testimony that he paid defendant an additional $7000, and that plaintiff provided a copy of the face of a check to that effect. The court was not persuaded, however, that defendant received the check and cashed it. The court found that defendant had returned $9000 to plaintiff and considered the $1740 that defendant retained reasonable for materials and one day of work. The court rejected plaintiff's argument that defendant's decision to walk off the job created additional damages to his home. Concluding that plaintiff had been reimbursed what he was owed, the court granted judgment to defendant.

On June 25, 2025, the day after the bench trial, plaintiff filed a motion with the court. It is not clear from the record if the motion preceded entry of the court's final judgment order on June 25, 2025. See In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 16, 195 Vt. 586 (recognizing that "trial court has broad discretion to permit further evidence to be offered after the close of evidence in a trial but prior to entry of final judgment") (citing cases). In the motion, plaintiff asked the court to review a letter from his bank and a complete copy of the June 24, 2023 check, which showed that defendant deposited the $7000 check on June 26, 2023, and the money cleared plaintiff's bank account on June 27, 2023. Plaintiff alleged that this evidence undermined defendant's sworn testimony at trial, and, implicitly, that it required modification of the court's damages assessment. The court was provided plaintiff's motion on June 27, 2025, and denied it that day. It stated that the time for presenting evidence had passed and that the materials were hearsay "not properly shown to be subject to any exception." Plaintiff now appeals.

Plaintiff argues that the court abused its discretion in refusing to accept a complete copy of the $7000 check and indicating that such evidence would be excluded as hearsay. Plaintiff also complains that the court did not hold a hearing on his motion.

While we recognize the court's discretion in ruling on plaintiff's motion, we conclude that reversal is required here "to prevent a failure of justice." Town of Shelburne v. Kaelin, 136 Vt. 248, 252 (1978) ("That we have the power in our discretion to remand a cause to prevent a failure of justice is beyond question, and it has been our practice to do so when the circumstances warrant.") (citing cases); see also Vahlteich v. Knott, 139 Vt. 588, 591 (1981) (reversing trial court's denial of motion to vacate default judgment, concluding that, "[u]pon review of the entire record we are convinced that this cause must be remanded pursuant to our discretionary powers in order to prevent a failure of justice"). The record here shows that plaintiff, proceeding self-represented, acted immediately to obtain a copy of the back of the $7000 check that was omitted, apparently inadvertently, from one of his exhibits obtained from the bank. He filed a complete copy of the check with the court on the day after the hearing, possibly before the court entered its final judgment order. The check does not appear to be hearsay, and other checks were admitted at trial, apparently without objection. See United States v. Davis, 596 F.3d 852, 856-57 (D.C. Cir. 2010) (recognizing that "checks . . . are not hearsay" but instead "are legally operative documents with a meaning independent of the truth of the words they display," and as " 'verbal acts,' their significance 'lies solely in the fact that [they were] made, [so] no issue is raised as to the truth of anything asserted' " (quoting Advisory Committee Notes—1972 Proposed Rules Note to Subdivision (c), F.R.E. 801)); United States v. Pang, 362 F.3d 1187, 1192 (9th Cir. 2004) ("Checks fall squarely in [the] category of legally-operative verbal acts that are not barred by the hearsay rule."); see also Pang, 362 F.3d at 1192 ("As a negotiable instrument, a check is a species of commercial paper, and therefore self-authenticating."). The complete check submitted

2

by plaintiff shows that contrary to defendant's sworn testimony, it was cashed by defendant shortly after it was provided to him and deposited into his bank account. This evidence directly contradicts defendant's testimony at trial and undercuts the court's analysis of plaintiff's damages. Under all of the circumstances, including plaintiff's self-represented status, his apparently inadvertent failure to include the back side of one check, his submission of the complete check in question the day after the bench trial, and the clear implications of plaintiff's evidence, we conclude that the court erred by failing to reopen the evidence and/or reconsider its decision. We reverse and remand for the court to consider the check that plaintiff submitted and its impact on the court's damages award. Given our conclusion, we need not reach plaintiff's argument concerning a hearing on his motion.

<u>Reversed and remanded for additional proceedings consistent with this decision</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice